■ In the Matter of the Claim of CHARLES REDFIELD, Respondent, against BOULEVARD GARDENS HOUSING CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its carrier from an award of compensation made by the Workmen's Compensation Board to claimant for various periods of disability between January 21, 1955 and November 18, 1955. The sole question on appeal is whether claimant sustained an accidental injury out of and in the course of his employment. He was employed as a patrolman on a housing project which contained a number of apartments, and lived on the grounds although not required to do so. His hours of work were from 3:00 P.M. to 11:00 P.M. About 6:00 P.M. on the day of the accident he crossed a public street adjacent to the premises of his employer to get a newspaper, and while returning he was struck by an automobile. He had been accustomed to getting newspapers daily from the same source across the street, and this custom was known to the employer. It is appellants' contention that claimant went for the newspaper on his own time — that is during his dinner hour; and also that he was not subject to call at any and all hours, and hence was not a full-time employee even though he lived

on the premises. On the basis of this appellants argue that he had separated himself from his employment at the time of the accident. However claimant was dressed in his patrolman's uniform; he ·carried keys for the apartments on his person, and he testified in connection with this fact that he did so because he was called upon at times to open apartments when a tenant was locked out. To these facts may be added the fact that he was within the general hours of his employment although undoubtedly he was allowed some time for dinner. The departure of an employee for a matter of minutes from the premises where he works to satisfy a personal desire, such as to get a cup of coffee or a newspaper, especially when it becomes a custom within the knowledge of the employer should not be held under working conditions as they exist today to constitute a separation from employment. The Workmen's Compensation Law should be liberally construed and the protection extended to an employee should not be voided for light and trivial causes. Its application within reasonable limits should be construed in consonance with realistic working habits and conditions that are commonly known to exist. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.