■ In the Matter of the Claim of ALBERT STROHMEYER, Respondent, *v.* B S & W BUILDERS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal by employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed October 18, 1968, granting claimant benefits for accidental injuries sustained when he was struck by an automobile. Appellants contend that the injuries did not arise out of and in the course of his employment. Respondent, foreman and vice-president of appellant corporation, also worked as a mason. On the date of the accident he received permission from his brother, the general supervisor, to leave the job site to make a telephone call. There were no telephones at the job site and the employer had no rule against leaving the site in order to make telephone calls from across the street. Respondent's call was made to the Social Security Administration concerning an application he had made for Medicare benefits. On his way back to the job site, respondent was struck by a car and sustained multiple fractures. In accordance with the policy of this court to construe the workmen's compensation statute "in consonance with realistic working habits and conditions that are commonly known to exist" (*Matter of Redfield* v. *Boulevard Gardens [Housing Corp.*, 4 A D 2d 906), the award must be affirmed. "The departure of an employee for a matter of minutes from the premises where he works to satisfy a personal desire, such as to get a cup of coffee or a newspaper, especially when it becomes a custom within the knowledge of the employer should not be held * * * to constitute a separation from employment." (*Matter of Redfield* v. *Boulevard Gardens Housing Corp., supra*, p. 907.) In the instant case, no telephone was available at the job site, thus the employer was well aware of the necessity to use an off-site telephone for both business and personal use. The record indicates that it was the custom of appellant to permit employees to use the telephone across the street when authorization had been granted. Moreover, the fact that permission was granted by appellant's foreman was sufficient in itself to bring the activity within the employment relationship, thus warranting recovery. Appellant's reliance on *Solomon* v. *Kay Corp.* (7 A D 2d 811), is misplaced. In *Solomon*, an award by the board was reversed where, contrary to the facts above, the accident arose outside the regular hours of employment at a time when claimant was entitled to pursue his personal activities free from any control by his employer. Respondent's conduct was merely a minor deviation from his actual employment, and as such was too insubstantial to preclude recovery (see 1 Larson, Workmen's Compensation Law, § 19.63). Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.