■ In the Matter of the Claim of PAULA SUMMA, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed March 24, 1977, which denied claimant benefits. The sole issue raised on this appeal is whether claimant's accident arose out of and in the course of her employment. The board found it did not. We arrive at a contrary conclusion and reverse. There is no substantial dispute about the facts. Claimant worked as an examiner for the County of Westchester. Basically she worked in the office from 9:00 to 5:00 except for emergencies which occurred about five or six times a year when she was sent out in the field. If a county car was not available on those occasions she drove her own car. Claimant regularly parked her car in a municipal parking lot located a short distance from where she worked. Several times a day claimant would leave the office with the employer's permission to deposit money in the parking meter. Just before noon on the day in question, claimant was struck in the parking lot on her return to the office after putting money in the meter. A majority of the board reversed the referee who had allowed the claim. The record establishes that claimant's departure from her work was brief, customary and with the consent of the employer. Consequently, in accordance with the policy of this court to construe the workers' compensation statute in consonance with realistic working habits, we are of the view that the accident happened within the course of employment *(Matter of Strohmeyer v B S & W Bldrs.,* 33 AD2d 1070; *Matter of Redfield v Boulevard Gardens Housing Corp.,* 4 AD2d 906). The decision, therefore, should be reversed. Decision reversed, with costs, claim reinstated and matter remit-

ted for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.